IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| Susan McKnight, Inc. | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.:  2:16-cv-2874 |
| v. | ) ) | **JURY DEMAND** |
| Milo Enterprises Inc. dba Aspectek | ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Susan McKnight, Inc. brings this Complaint for patent infringement against Defendant Milo Enterprises Inc. dba Aspectek (hereinafter "Defendant Milo" or "Milo").  For its Complaint, Plaintiff alleges as follows:

### Parties

1.      Plaintiff Susan McKnight, Inc. (hereinafter "SMI") is a corporation organized under the laws of the State of Tennessee, and has its principal place of business at 181 Cumberland Street, Memphis, TN.

2.      Upon information and belief, Defendant Milo is a corporation organized under the laws of Canada, and is doing business in the United States as Aspectek at a place of business at 6213 Portal Way, Suite B, Ferndale, WA 98248.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction over the claims set forth in this Complaint because this action arises under federal law, specifically, under the Patent Laws of the United States, as set forth in Title 35 of the United States Code.  This Court therefore has jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).  The amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between a citizen of the State of Tennessee and a subject of a foreign state.  Therefore this Court also has jurisdiction pursuant to 28 U.S.C. §1332.

4.      Upon information and belief, this Court has personal jurisdiction over the Defendant Milo under the provisions of the Tennessee Long Arm Statutes, Tenn. Code §20-2-201 and §20-2-214(a), by virtue of the facts that Defendant Milo has availed itself of the privilege of conducting and soliciting business in the State of Tennessee, and the claims set forth in this action arise out of Defendant Milo's infringing activities in the State of Tennessee among other states, such that it would be reasonable for this Court to exercise personal jurisdiction over Defendant Milo.

5.      Venue in this District is appropriate pursuant to 28 U.S.C. §§1391(b), (c), and (d), and 1400(b), because the Defendant has committed acts of infringement in this District and has sold or offered for sale infringing products in this District.

**Background Facts**

6.   On March 3, 2015, U.S. Patent No. 8,966,812, entitled "Trap for Bed Bugs and the Like" (hereinafter "the '812 Patent"), was duly and legally issued to Plaintiff SMI by the United States Patent & Trademark Office, on an application filed by inventor Susan McKnight on Dec. 4, 2008.

2

7.      A true and correct copy of the '812 Patent is attached hereto as Exhibit A.

8.      On June 30, 2015, U.S. Patent No. 9,066,511, entitled "Crawling Arthropod Intercepting Device and Method" (hereinafter "the '511 Patent"), was duly and legally issued to Plaintiff SMI and Purdue Research Foundation by the United States Patent and Trademark Office, on an application filed by inventors Susan McKnight and Changlu Wang on May 31, 2011.

9.      A true and correct copy of the '511 Patent is attached hereto as Exhibit B.

10.     On February 9, 2016, U.S. Patent No. 9,253,973 , entitled "Crawling Arthropod Intercepting Device and Method" (hereinafter "the '973 Patent"), was duly and legally issued to Plaintiff SMI and Purdue Research Foundation by the United States Patent and Trademark Office, on an application filed by inventors Susan McKnight and Changlu Wang on May 5, 2009.

11.     A true and correct copy of the '973 Patent is attached hereto as Exhibit C.

12.     Plaintiff SMI is the owner of the '511 Patent and the '973 Patent by assignment from Purdue Research Foundation recorded with the United States Patent and Trademark Office at reel 38050, frame 0536.

13.     Plaintiff SMI designs, manufactures, sells, and distributes, *inter alia,* a full range of traps and interceptors for capturing and tracking bed bugs and other arthropods.

14.     Plaintiff SMI began offering for sale in the United States in or about 2008 a pitfall trap and interceptor constructed according to the '812 Patent.

15.     Plaintiff SMI began offering for sale in the United States in or about 2009 a pitfall trap and interceptor constructed according to the '973 Patent and utilized

according to the method of the '511 Patent for capturing and intercepting bed bugs and other arthropods.

16.     Upon information and belief, Defendant Milo manufactures, sells, and otherwise distributes in the United States including Tennessee pitfall traps under name "Aspectek Bed Bug Trap and Interceptor" for intercepting and capturing bed bugs climbing onto and off of the legs of furniture.

17.     Defendant Milo offers for sale and sells in Tennessee and elsewhere in the United States its pitfall traps under the "Aspectek" name in a box with instructions describing the method of using the traps under furniture legs as a pitfall trap to intercept and capture bed bugs.

18.     The pitfall traps sold and offered for sale as the "Aspectek Bed Bug Trap and Interceptor" in the United States including Tennessee by Defendant Milo infringe one or more claims of Plaintiff SMI's '812 Patent including at least Claims 1, 7, and 12.

19.     The pitfall traps sold and offered for sale as the "Aspectek Bed Bug Trap and Interceptor" in the United States including Tennessee by Defendant Milo infringe one or more claims of Plaintiff SMI's '973 Patent including at least Claims 1 and 16.

20.     The pitfall traps sold and offered for sale as the "Aspectek Bed Bug Trap and Interceptor" in the United States including Tennessee by Defendant Milo are sold with instructions that induce infringement of one or more claims of Plaintiff SMI's '511 Patent including at least Claims 1 and 7.

21.     Plaintiff SMI has not licensed or otherwise authorized Defendant Milo to use or practice the inventions in the '812 Patent, the '973 Patent, or the '511 Patent.

4

22.     On March 28, 2016 Plaintiff SMI sent Defendant Milo a cease and desist letter, attached as Exhibit D, advising Milo that its "Aspectek" trap and interceptor infringed Plaintiff SMI's '812 Patent, the '973 Patent, and the '511 Patent, and demanded that Defendant Milo immediately cease and desist from further infringement.

23.   On April 28, 2016 Plaintiff SMI sent to Atty. Tony W. Wong, who was representing the Defendant Milo, a letter attached as Exhibit E including a Claims Chart explaining how Defendant's "Aspectek" trap and interceptor infringed  Plaintiff SMI's '812 Patent, the '973 Patent, and the '511 Patent, and again demanded that Defendant Milo cease and desist from any further infringement of Plaintiff SMI's patents.

24.   Notwithstanding Plaintiff's cease and desist letters of March and April 2016, and with full knowledge of Plaintiff SMI's patents and notice of the infringement, Defendant Milo continues to sell its "Aspectek" "Bed Bug Trap and Interceptor", and infringe Plaintiff's patents.

25.     As a result of Defendant Milo's infringing activities in Tennessee and other states, Plaintiff SMI has suffered financial harm and damage to its business and reputation.

## Count I
## Patent Infringement by Defendant Milo

26.     Plaintiff SMI re-alleges and restates each allegation set forth in paragraphs 1-24 inclusive, and incorporates them herein by reference.

27.     Without the consent or authorization of Plaintiff SMI, Defendant Milo has actively infringed one or more claims of the '812 Patent including at least Claims 1, 7 and 12 under 35 U.S.C. § 271(a) through its sales and distribution of the "Aspectek Bed Bug Trap and Interceptor" in this District and elsewhere in the United States.

28.     Without the consent or authorization of Plaintiff SMI, Defendant Milo has actively infringed one or more claims of the '973 Patent including at least Claims 1 and 16 under 35 U.S.C. § 271(a) through its sales and distribution of the "Aspectek Bed Bug Trap and Interceptor" in this District and elsewhere in the United States.

29.     Without the consent or authorization of Plaintiff SMI and with full knowledge of the '511 Patent, Defendant Milo has actively induced infringement of one or more claims of the '511 Patent including at least Claims 1 and 7 under 35 U.S.C. §271(b) through its sales and instructions for use of the "Aspectek Bed Bug Trap and Interceptor" in this District and elsewhere in the United States.

30.     Defendant Milo's infringement of Plaintiff's '812, '973, and '511 Patents has irreparably damaged Plaintiff SMI in an amount that is unknown and cannot at the present time be ascertained, and will cause added injury and loss unless this Court enjoins Defendant Milo's continuing infringement.

31.     Upon information and belief, Defendant Milo's continuing infringement of Plaintiff's '812, '973, and '511 Patents is knowing and willful.

32.     Unless enjoined by this Court, Defendant Milo will continue to knowingly and willfully infringe Plaintiff's Patents, all to Plaintiff's injury and loss.

**Prayer for Relief**

WHEREFORE, Plaintiff SMI for its relief seeks judgment as follows:

1.     That this Court declare that the '812 Patent, the '973 Patent, and the '511 Patent are valid and infringed by Defendant Milo.

6

2.      That this Court preliminarily and permanently enjoin Defendant Milo, and anyone acting in concert with Milo, from infringing the '812, '973, and '511 Patents as provided in 35 U.S.C. § 283, and specifically bar Defendant, and anyone acting in concert with Milo, from making, using, selling or offering for sale in the United States, or importing into the United States, products that infringe the '812 and '973 Patents, and bar Defendant from infringing, inducing infringement, and contributing to infringement of the '511 Patent.

3.      That this Court award Plaintiff SMI damages, as provided in 35 U.S.C. §284, in an amount to be proven at trial, for infringement of the '812 and '973 Patents, and inducing infringement of the '511 Patent by Defendant Milo.

4.  That this Court award Plaintiff SMI increased damages up to three times the amount found or assessed for infringement of the '812, '973 and '511 Patents by the Defendant Milo pursuant to 35 U.S.C. §284.

5.      That this Court declare this case exceptional and award Plaintiff its reasonable costs and attorneys' fees as provided in 35 U.S.C. §285.

6.      That Plaintiff SMI be awarded such other and further relief, general and special, at law or in equity, which this Court, in its discretion, may deem just and proper.

### Jury Demand

Plaintiff SMI hereby demands a jury trial.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

7

Dated: November 3, 2016           By:   s/ Adam S. Baldridge
                                           Adam S. Baldridge (TN BPR #23488)
                                           First Tennessee Building
                                         165 Madison Avenue, Suite 2000
                                         Memphis, TN 38103
                                         Telephone: (901) 577-2102
                                         Facsimile: (901) 577-0838
                                         Email:  abaldridge@bakerdonelson.com

                                         *Counsel for Plaintiff Susan McKnight, Inc.*

Of Counsel:

John C. Linderman (CT BPR #04291)
McCormick, Paulding & Huber, LLP
CityPlace II, 185 Asylum Street
Hartford, CT  06103
Telephone:  (860) 549-5290
Facsimile:  (860) 527-0464
Email:  *lind@ip-lawyers.com*